On September 16, 1997, Douglas Lee Rodgers, Orondo Page and Arthur Carson were indicted on charges of aggravated robbery with specifications and kidnapping with specifications. Douglas Rodgers was also charged with having a weapon while under disability. The case finally proceeded to a jury trial and Mr. Rodgers was convicted of one count of aggravated robbery, two counts of kidnapping and one count of having a weapon under disability. He had his sentence enhanced by a firearm specification as to the robbery and kidnapping charges.
Counsel has pursued a direct appeal of the convictions and associated sentences. Two assignments of error are set forth:
"Assignment of Error One
 "THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT A FINDING THAT DEFENDANT-APPELLANT POSSESSED A FIREARM AS DEFINED IN R.C. 2923.11.
"Assignment of Error Two
 "THE TRIAL COURT ERRED WHEN IT ENTERED JUDGMENT AGAINST THE DEFENDANT WHEN THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN A CONVICTION AND WAS NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE."
Since both assignments of error require complete analysis of the evidence set forth at trial, we will address the two assignments of error jointly.
On September 7, 1997, at least two men robbed a Donato's Pizza store in north Columbus. One of the men was fairly tall and armed with what appeared to be a sub-machine gun. Another was approximately five feet five inches and was wearing a dark green jacket with baggy blue jeans.
Less than twenty minutes after the robbery, Trooper Steven Mahl of the Ohio State Highway Patrol observed a 1990 Oldsmobile traveling on Interstate 270. After Trooper Mahl saw a traffic violation, he decided to pull the car over. The Oldsmobile pulled over, then pulled away accelerating rapidly. After a lengthy chase, police were able to stop the car. The car's occupants fled on foot, but were apprehended.
Police found proceeds from the robbery in the vehicle and discovered more items relevant to the investigation along the route the car had used in its flight. Among the items discovered was the outer clothing of the robber who had been in the green jacket. In the clothing was an ATT calling card with the name Douglas Rodgers on it.
No debate exists that someone committed an armed robbery and restrained employees of Donato's restaurant in such a way as to constitute kidnapping as defined in R.C. 2905.01. The primary issues argued are the identity of the robbers and the operability of the firearm which was used in the robbery.
The proof of the identity of Douglas Lee Rodgers as one of the robbers was more than adequate. Mr. Rodgers fit the physical description of the shorter robber. His personal card was found in the clothing worn by the shorter robber. He was found in possession of proceeds of the robbery. Identity was sufficiently established. No defense testimony suggested anything other than that Mr. Rodgers was the shorter robber, so no evidence exists to weigh against the evidence demonstrating his involvement. Thus, the verdicts of guilty were in accord with the manifest weight of the evidence as to identity.
However, the evidence is not sufficient to support a finding that Mr. Rodgers was guilty of kidnapping as a felony of the first degree. The people who were restrained as a part of the robbery were kidnapped for purposes of R.C. 2905.01. R.C.2905.01(A) states, in pertinent part:
 "(A) No person, by force, threat, or deception, or, in the case of a victim under the age of thirteen or mentally incompetent, by any means, shall remove another from the place where the other person is found or restrain the liberty of the other person, for any of the following purposes:
"* * *
 "(2) To facilitate the commission of any felony or flight thereafter[.]"
The statute distinguishes the penalty between two different situations. R.C. 2905.01(C) reads:
 "Whoever violates this section is guilty of kidnapping, a felony of the first degree. If the offender releases the victim in a safe place unharmed, kidnapping is a felony of the second degree."
The people who were restrained were released at their place of employment. No physical harm was demonstrated. No testimony established psychological harm. As a result, Mr. Rodgers could only be convicted of kidnapping as a felony of the second degree.
The sub-machine gun described at trial was used to threaten employees of the Donato's Pizza store. The gun was described as being a blue alloy or blue steel weapon, about sixteen inches in length.
A second gun was used by the shorter robber to threaten a store employee in order to gain entrance to the store and also was pointed at store employees when the robber left.
No guns were fired and no statements were made which implied the operability of the firearm, such as a threat to shoot one of the store employees.
For a firearm specification to enhance the penalty for a crime, the state of Ohio must prove that the offender had a firearm on or about the offender's person or under the offender's control while committing the offense. "Firearm" is defined in R.C. 2923.11(B) as follows:
 "(B)(1) 'Firearm' means any deadly weapon capable of expelling or propelling one or more projectiles by the action of an explosive or combustible propellant. 'Firearm' includes an unloaded firearm, and any firearm that is inoperable but that can readily be rendered operable."
Earlier case law had required some proof that an object which looked like a gun or rifle was in fact capable of being fired for a firearm specification to attach and be considered as having been proved. However, in May of 1997, the Supreme Court of Ohio decided State v. Thompkins (1997), 78 Ohio St.3d 380. The first paragraph of the syllabus of the Thompkins case reads:
 "A firearm enhancement specification can be proven beyond a reasonable doubt by circumstantial evidence. In determining whether an individual was in possession of a firearm and whether the firearm was operable or capable of being readily rendered operable at the time of the offense, the trier of fact may consider all relevant facts and circumstances surrounding the crime, which include any implicit threat made by the individual in control of the firearm. (State v. Murphy [1990], 49 Ohio St.3d 206, 551 N.E.2d 932, State v. Jenks
[1991], 61 Ohio St.3d 259, 574 N.E.2d 492, and State v. Dixon [1995], 71 Ohio St.3d 608, 646 N.E.2d 453, followed; R.C. 2923.11[B][1] and [2], construed and applied)."
The facts of the Thompkins case are virtually indistinguishable from the facts of the Donato's robbery before us. The robber pointed a gun at the person to be robbed and announced he was committing a "holdup." The person being robbed was told to act quickly. The gun was never recovered for testing. The person being robbed was in fear that what appeared to be a gun was an operable firearm. No express threats that someone would be shot were made.
In the Thompkins case, the Supreme Court of Ohio determined that a court of appeals was mistaken when the court of appeals reversed a trial court's finding that possession of a firearm had been proved. The Supreme Court of Ohio was careful to emphasize the "implicit threat made by the individual in control of the firearm." See Thompkins at 385.
Given the ruling in the Thompkins case, we have little choice but to affirm the trial court's finding that possession of a firearm was adequately proved.
Based upon our review of the evidence and the pertinent case law, we therefore overrule the first assignment of error. We sustain the second assignment of error only to the extent that we vacate the judgments of conviction for kidnapping as felonies of the first degree. We remand the kidnapping cases to the trial court with instructions to reduce the convictions to felonies of the second degree. The trial court shall then either sentence Mr. Rodgers for the felony kidnapping cases or consider the issue of whether the kidnapping convictions and the aggravated robbery convictions are convictions for allied offenses of similar import.
Judgment affirmed in part and reversed in part, and causeremanded with instructions.
BOWMAN and YOUNG, JJ., concur.
YOUNG, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.